

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00143-CR

---

JEFFREY DALE TROXEL, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 25F0079-005

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Jeffrey Dale Troxel entered an open plea of guilty to unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04 (Supp.). After finding the State's habitual offender-punishment enhancement allegations true, a Bowie County jury assessed a sentence of fifty years' imprisonment.

On appeal, Troxel raises a single complaint, arguing that the prosecutor's improper closing argument "enflamed the juror's sympathy for law enforcement officers." In our cause number 06-05-00142-CR, Troxel raised this same complaint on appeal from his conviction for assault on a peace officer. For the same reasons stated in our opinion in cause number 06-05-00142-CR, we overrule Troxel's sole point of error for lack of preservation.

Even so, this Court may "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b); *see Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)) ("This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record."). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Anthony*, 531 S.W.3d at 743 (quoting *Asberry*, 813 S.W.2d at 529–30).

In reviewing the appellate record, we noticed that the State filed habitual offender-punishment enhancement allegations. Specifically, the State alleged that Troxel was previously

2

convicted of two felonies—robbery with a deadly weapon in 2002 and evading arrest with a motor vehicle in 2020.  Troxel pled "[n]ot true" to the robbery enhancement allegation and "true" to the allegation of evading arrest.  The jury found both allegations true.  Yet, the judgment mistakenly omits Troxel's pleas and the jury's findings on these allegations, stating that they were inapplicable.  As a result, we modify the trial court's judgment.

We modify the trial court's judgment to reflect that Troxel pled "NOT TRUE" to the first punishment enhancement allegation and "TRUE" to the second punishment enhancement allegation.  We also modify the judgment to show that the jury found both of the State's punishment enhancement allegations true.

As modified, we affirm the trial court's judgment.


Scott E. Stevens
Chief Justice


Date Submitted:     April 6, 2026
Date Decided:      April 7, 2026

Do Not Publish